IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| LOVELY WILLIAMS BEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. CBD-17-2292 |
| ) | |
| NANCY A. BERRYHILL, ) | |
| ) | |
| Acting Commissioner, ) | |
| Social Security Administration ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION

Lovely Williams Bey ("Plaintiff") brought this action under 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"). Commissioner denied Plaintiff's claim for a period of Supplemental Security Income Benefits ("SSI") under Title XVI of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion") (ECF No. 15) and Commissioner's Motion for Summary Judgment ("Commissioner's Motion") (ECF No. 16). The Court has reviewed the motions, related memoranda, and the applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court hereby **REVERSES** and **REMANDS** the matter for further clarification.

I.  **Procedural Background**

On January 14, 2014, Plaintiff filed for SSI under Title XVI, alleging disability beginning March 23, 2010. R. 33. Plaintiff later amended her complaint, alleging disability beginning on January 21, 2015. *Id.* Plaintiff alleged disability due to bipolar disorder, schizophrenia, and

1

back problems. R. 213. An administrative hearing was held on May 19, 2016, R. 52-88, and on June 2, 2016, the claim was denied. R. 45. Plaintiff sought review by the Appeals Council, which concluded on July 6, 2017 that there was no basis for granting the Request for Review. R. 8.

## II. Standard of Review

On appeal, the Court has the power to affirm, modify, or reverse the decision of the ALJ "with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2015). The Court must affirm the ALJ's decision if it is supported by substantial evidence and the ALJ applied the correct law. *Id.* ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."); *see also Russell v. Comm'r of Soc. Sec.*, 440 F. App'x 163, 164 (4th Cir. 2011) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)). "In other words, if the ALJ has done his or her job correctly and supported the decision reached with substantial evidence, this Court cannot overturn the decision, even if it would have reached a contrary result on the same evidence." *Schoofield v. Barnhart*, 220 F. Supp. 2d 512, 515 (D. Md. 2002). Substantial evidence is "more than a mere scintilla." *Russell*, 440 F. App'x, at 164. "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see also Hays*, 907 F.2d, at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (internal quotation marks omitted) ("It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence.").

The Court does not review the evidence presented below *de novo*, nor does the Court "determine the weight of the evidence" or "substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." *Hays*, 907 F.2d at 1456 (citations omitted); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) ("[T]he language of § 205(g) precludes a *de novo* judicial proceeding and requires that the court uphold the Secretary's decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'"). The ALJ, not the Court, has the responsibility to make findings of fact and resolve evidentiary conflicts. *Hays*, 907 F.2d, at 1456 (citations omitted). If the ALJ's factual finding, however, "was reached by means of an improper standard or misapplication of the law," then that finding is not binding on the Court. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) (citations omitted).

The Court shall find a person legally disabled under Title XVI if she is unable "to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905(a) (2012). The Code of Federal Regulations outlines a five-step process that the Commissioner must follow to determine if a claimant meets this definition:

1) Determine whether the plaintiff is "doing substantial gainful activity." 20 C.F.R. § 416.920(a)(4)(i) (2012). If she is doing such activity, she is not disabled. If she is not doing such activity, proceed to step two.

2) Determine whether the plaintiff has a "severe medically determinable physical or mental impairment that meets the duration requirement in § [416.909], or a combination of impairments that is severe and meets the duration requirement." 20 C.F.R. § 416.920(a)(4)(ii) (2012). If she does not have such impairment or combination of impairments, she is not disabled. If she does meet these requirements, proceed to step three.

3) Determine whether the plaintiff has an impairment that "meets or equals one of [the C.F.R.'s] listings in appendix 1 of this subpart and meets the duration requirement." 20 C.F.R. § 416.920(a)(4)(iii) (2012). If she does have such impairment, she is disabled. If she does not, proceed to step four.

4) Determine whether the plaintiff retains the "residual functional capacity" ("RFC") to perform "past relevant work." 20 C.F.R. § 416.920(a)(4)(iv) (2012). If she can perform such work, she is not disabled. If she cannot, proceed to step five.

5) Determine whether the plaintiff can perform other work, considering her RFC, age, education, and work experience. 20 C.F.R. § 416.920(a)(4)(v) (2012). If she can perform other work, she is not disabled. If she cannot, she is disabled.

Plaintiff has the burden to prove that she is disabled at steps one through four, and Commissioner has the burden to prove that Plaintiff is not disabled at step five. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992).

The RFC is an assessment that represents the most a claimant can do despite any physical and mental limitations on a "regular and continuing basis." 20 C.F.R. §§ 416.945(b)-(c). In making this assessment, the ALJ must consider all relevant evidence of the claimant's impairments and any related symptoms. *See* 20 C.F.R. § 416.945 (a). The ALJ must present a "narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g. laboratory findings) and nonmedical evidence (e.g. daily activities, observations)," and must then "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96-8p, 1996 WL 374184, at *7 (S.S.A.). "Ultimately, it is the duty of the [ALJ] reviewing the case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts of evidence." *Hays*, 907 F.2d at 1456 (citing *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)).

**III. Analysis**

The ALJ evaluated Plaintiff's claim using the five-step sequential evaluation process. R. 35-45. At step one, the ALJ determined that Plaintiff has not engaged in substantial gainful

activity since January 21, 2015. R. 35. At step two, under 20 C.F.R. § 416.920(c), the ALJ determined that Plaintiff had the following severe impairments: degenerative disc disease, asthma, hypothyroidism, obesity, degenerative joint disease, bipolar disorder, and polysubstance abuse, in remission. *Id.* The ALJ stated that the listed impairments "more than minimally limit the claimant's physical and mental ability to perform basic work tasks" and therefore could be categorized as severe. *Id.* At step three, the ALJ determined that Plaintiff does not have an impairment or a combination of impairments that meet or medically equal the severity of one of the listed impairments in 20 C.F.R. §§ 416.920(d), 416.925 and 416.926. R. 35-38. Before proceeding to step four, the ALJ determined that Plaintiff:

> [H]as the RFC to perform sedentary work as defined in 20 CFR 416.967(a), except the claimant can lift and carry twenty pounds occasionally and ten pounds frequently; stand and walk for six out of eight hours; and sit for six out of eight hours. The claimant cannot push or pull with her right lower extremity. She can occasionally climb stairs, balance, stoop, kneel, crouch, and crawl, but cannot climb ladders. The claimant must have the option to change positions between sitting and standing every thirty minutes and requires the use of a cane for ambulation. The claimant cannot have concentrated exposure to hazards or respiratory irritants. The claimant is limited to simple, routine tasks and occasional contact with supervisors, coworkers, and the public. The claimant is limited to low stress work, defined as occasional decisionmaking [sic] and occasional changes in the work setting.

R. 38-39. At step four, the ALJ determined that "transferability of job skills is not an issue because [Plaintiff] does not have past relevant work." R. 44. At step five, the ALJ found that there were "jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," including assembler, inspector, and production worker. R. 45. The ALJ then concluded that Plaintiff is not disabled within the meaning of the Social Security Act. *Id.*

On appeal, Plaintiff argues that the Court should enter judgment as a matter of law in her favor, or in the alternative, remand this matter to the Social Security Administration because the

5

ALJ failed in his evaluation of the presented evidence. For the reasons set forth below, the Court reverses and remands the ALJ's decision.

### A. *The ALJ did not err in his weight of the treating physicians' opinions.*

The ALJ did not err in assigning little to no weight to Plaintiff's treating primary care and rehabilitation physicians' opinions. Plaintiff argues that "[t]he ALJ disregarded the opinion of the treating primary care physician, Jessica Lue, and treating rehabilitation physician, Shaun Curtin, and improperly substituted her own judgment in lieu of competent medical opinions," specifically in the RFC assessment. ECF No. 15-1, 12. The Court, however, is not persuaded by Plaintiff's argument on the following grounds.

An ALJ should only assign controlling weight to a treating physician's opinion when "1) it is well-supported by medically acceptable clinical laboratory diagnostic techniques; and 2) it is consistent with other substantial evidence in the record. However, where a treating source's opinion is not supported by clinical evidence or is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Griffin v. Commissioner*, No. SAG-16-274, 2017 WL 432678, at *3 (D. Md. Jan. 31, 2017) (citing *Craig v. Chater*, 76 F.3d 585, 585, 90 (4th Cir. 1996); 20 C.F.R. § 404.1527(d)(2)). Indeed, "[i]n appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and psychologists may be entitled to greater weight than the opinions of treating or examining sources." SSR 96-6p, 1996 WL 374180, at *3 (S.S.A.). The term "substantial evidence" "is intended to indicate that the evidence that is inconsistent with the opinion need not prove by a preponderance that the opinion is wrong. SSR 96-2p, 1996 WL 374188, at *3 (S.S.A.). It need only be such relevant evidence as a reasonable mind would accept as adequate to support a conclusion that is contrary to the conclusion expressed in the medical opinion." *Id.*

6

The ALJ in the present case explained that she gave little weight to Dr. Lue's opinion because it was not supported by the objective evidence in the record. R. 42. Dr. Lue stated that Plaintiff was severely limited in her motor functions, but the ALJ cited to objective medical evidence, which explained that during the relevant period, Plaintiff only showed "mild osteophyte formation" in her right knee, "had full range of motion in her right knee with full motor strength, and no instability or tenderness to palpation." *Id.* (citing R. 607, 885). The ALJ determined that Dr. Lue's opinion was not supported by the objective evidence and assigned her opinion little weight. *Id.* The ALJ went on to explain that she gave no weight to Dr. Curtin's opinion, because Dr. Curtin's opinion was "inconsistent [with his] own findings." R. 42-43. Dr. Curtin's records state that Plaintiff "had full range of motion in her knee without stability and made no mention of difficulty ambulating or needing an assistive device." *Id.* However, Dr. Curtin stated in his opinion that Plaintiff met the standards for the Listing 1.02A impairment, a major dysfunction of a joint, which requires a finding of an inability to ambulate effectively. *Id.*; 20 C.F.R. § 404 Appendix 1 (2012).[1] The ALJ accordingly assigned little weight to Dr. Lue's opinion and no weight to Dr. Curtin's opinion due to the substantial evidence that the ALJ provided in support of her decisions.

## B. RFC Assessment

Before step four of the sequential evaluation, the ALJ makes a determination of the residual functional capacity of the plaintiff. 20 C.F.R. § 416.920(a)(4)(iv) (2012). The ALJ

---

[1] Listing 1.02A involves the "major dysfunction of a joint (due to any cause)" with the "involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b." 20 C.F.R. § 404 Appendix 1 (2012). "Inability to ambulate effectively means an extreme limitation of the ability to walk; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is defined generally as having insufficient lower extremity functioning (see 1.00J) to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities." *Id.*

7

found that Plaintiff could perform sedentary work, but was "limited to simple, routine tasks and occasional contact with supervisors, coworkers, and the public." R. 38-39. She also needed "low stress work , defined as occasional decisionmaking [sic] and occasional changes in the work setting." *Id.*

### a. The ALJ properly addressed Plaintiff's mental limitations, as stated under SSR 96-8p, in the RFC assessment.

Plaintiff argues that in the ALJ's narrative discussion, "the ALJ failed to address [Plaintiff's] limitations in her ability to: understand, carry out, and remember instructions; and respond appropriately to supervision, co-workers and work situations," which Plaintiff claims are required in the ALJ's narrative discussion under SSR 96-8p. ECF No. 15-1, 15. However, the ALJ addressed these limitations in the RFC assessment and narrative discussion, and therefore, remand is not required.

In the RFC assessment, the ALJ "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." SSR 96-8p, 1996 WL 374184, at *7 (S.S.A.). "The RFC assessment must address both the [] exertional and nonexertional capacities of the individual." *Id.* at *5. For nonexterional capacities, like mental limitations, the ALJ should express these "in terms of work related functions." *Id.* at *6. "Work-related mental activities generally required by competitive, remunerative work include the abilities to: understand, carry out, and remember instructions; use judgment in making work-related decisions; respond appropriately to supervision, co-workers and work situations; and deal with changes in a routine work setting." *Id.*

The ALJ addressed Plaintiff's mental limitations, which include bipolar disorder and polysubstance abuse, specifically limiting Plaintiff to "low stress, unskilled work with only

8

occasional interaction with others." R. 41. The ALJ further explained that "the record does not support any greater limitations" because Plaintiff's objective medical history stated that "she was alert and cooperative, had a normal mood and affect, and had a normal attention span and concentration." *Id.* The ALJ cited further medical evidence that reinforced Plaintiff's lack of significant mental limitations. R. 41-42. The ALJ considered Plaintiff's ability to "understand, carry out, and remember instructions" by stating that Plaintiff was "alert" and "had a normal attention span," and also accounted for her ability to "respond appropriately to supervision, co-workers and work situations" by limiting Plaintiff to only "occasional interaction with others" and stating that she was "cooperative." *Id.* (citing R. 731). By citing further evidence that no other limitation was needed, the ALJ properly assessed Plaintiff's mental limitations. R. 41-42. Therefore, remand is not required.

### b. *The ALJ failed to consider the holding of Mascio in the RFC determination.*

Plaintiff argues that under the *Mascio* decision, the ALJ's RFC assessment limiting Plaintiff to "simple, routine tasks" did not account for her moderate limitations in concentration, persistence, and pace. ECF No. 15-1, 17-18. Under *Mascio*, the Fourth Circuit held that an RFC assessment must connect back to the step three finding of moderate limitations in concentration, persistence, and pace beyond just limiting the assessment to "simple, routine tasks." *Mascio v. Colvin,* 780 F.3d 632, 638 (4th Cir. 2015). This Court further clarified that holding, stating that "[p]ursuant to *Mascio*, once an ALJ has made a step three finding that a claimant suffers from moderate difficulties in concentration, persistence, or pace, the ALJ must either include a corresponding limitation in her RFC assessment, or explain why no such limitation is necessary." *Talmo v. Comm'r, of Soc. Sec.,* No. ELH-14-2214, 2015 WL 2395108, at *3 (D. Md. May 19, 2015). The ALJ failed to provide an explanation following the RFC assessment about why she

did not include a limitation in concentration, persistence, and pace in the RFC. Therefore, the Court remands this case with specific instructions for the ALJ to include a limitation for concentration, persistence and pace, or explain why this limitation was not included in the RFC.

### *C. The Vocational Expert identified and explained inconsistencies with her testimony and the Dictionary of Occupational Titles.*

Plaintiff argues that, at step five, the ALJ failed to identify conflicts between the Vocational Expert's ("VE") testimony and the Dictionary of Occupational Titles ("DOT"). ECF No. 15-1, 18-19. Plaintiff relies on the court's holding in *Pearson v. Colvin*, which states that it is the ALJ's responsibility to identify those conflicts. *Id.* at 19-20. However, Plaintiff's reliance on *Pearson* is misguided. In *Pearson*, before the VE testified, the ALJ asked the VE to identify any conflicts between the DOT and his testimony. *Pearson v. Colvin*, 810 F.3d 204, 205 (4th Cir. 2015). After the VE testified, the VE failed to identify any conflicts, and the ALJ subsequently failed to ask the VE to do so. *Id.* at 206. The main issue addressed in *Pearson* was whether the ALJ ever received an adequate response as to whether there were conflicts between the DOT and the VE's testimony, with the court finding in that the ALJ did not. *Id.* at 208-09.

In the instant case, the ALJ specifically asked the VE, after the VE testified, if her testimony was consistent with the DOT. R. 86. The VE replied that her testimony was consistent, with the exception of her additional limitations including a "sit-stand option, use of a cane, absenteeism, work breaks and off-task behavior." *Id.* The VE explained that she based her decision off of her own experience, because the DOT does not specifically address those limitations. *Id.* The ALJ explained in her decision that she found the VE's explanation to be proper and accepted the testimony. R. 45; *see Chavis v. Berryhill*, No. ADC-17-1123, 2018 WL 1033267, at *15 (D. Md. Feb. 22, 2018) ("As the record shows, the ALJ directly questioned the VE about the consistency

of her testimony and the DOT and the VE provided a sufficient explanation, referencing her prior relevant experience."). Therefore, the Court finds no error in the VE's testimony.

## IV. Conclusion

Based on the foregoing, the Court **REVERSES** and **REMANDS** with instruction for the ALJ to supply further consideration of the holding in *Mascio* in the RFC assessment.


July 12, 2018                                         /s/

                                                      Charles B. Day
                                                      United States Magistrate Judge



CBD/gbc/ejm